FILED
CLERK, U.S. DISTRICT COURT
APR 29 2013
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MADISON GROUP, <br><br> Plaintiff, <br><br> vs. <br><br> MORTON A. KAZMAN, M.D., et al., <br><br> Defendants. | CASE NO. CV 13-2672 UA (DUTYx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court remands this unlawful detainer action to state court summarily because it was improperly removed.

On April 17, 2013, Defendant Colleen McGovern lodged a Notice of Removal ("Notice"), seeking to remove to this Court what appears to be a routine California state court unlawful detainer action. [See Notice, Exhibit B.] Together with the removal notice, Defendant presented an application to proceed without prepayment of the filing fee. The Court has denied the latter application in a separate order because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court now issues this

order to remand the action to state court on the following grounds.

Plaintiff the Madison Group could not have brought this action in federal court in the first instance, in that no basis for original federal jurisdiction appears from the complaint, and the Notice of Removal does not competently allege facts supporting either diversity or federal-question jurisdiction; removal is therefore improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp. V. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Specifically, citizenship of the parties is unclear from the pleadings; and even if complete diversity of citizenship exists, the amount in controversy does not exceed the jurisdictional threshold of $75,000. [See Notice, Exhibit B (Complaint-Unlawful Detainer, alleging that amount demanded does not exceed $10,000).] Additionally, Defendant could not properly remove the action on the basis of diversity jurisdiction in any event, because she resides in California, the forum state. See 28 U.S.C. § 1441(b).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). Defendant asserts in her removal notice that Plaintiff has violated federal laws in the months preceding the unlawful action, but that is immaterial. "For better or for worse . . . a defendant may not remove a case to federal court" on the basis of federal-question jurisdiction "unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

The Court further takes judicial notice of the dockets in Case No. 13-2560-UA-Duty and Case No. 13-1723-UA-DUTY, in which it appears

that Defendant's co-tenant Mr. Morton A. Kazman previously removed the same unlawful detainer case by filing substantially identical removal notices; the cases were summarily remanded for the same reasons stated above. The parties are notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court may address by way of punitive remedial measures, which may include designation as a vexatious litigant and a bar from commencing any further removal actions with respect to the underlying state unlawful detainer proceeding.

Accordingly, this matter is **remanded** to the Superior Court of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to send a certified copy of this order to the state court and to serve copies of this order on the parties.

**IT IS SO ORDERED.**

DATED: 4/23, 2013

GEORGE H. KING
CHIEF DISTRICT JUDGE